IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC BERNARD SIMMONS, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : C.A. No. 23-115-GBW |
| | : |
| SCOTT CERESINI, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| | : |
| Respondents. | : |

## MEMORANDUM

### I. INTRODUCTION

Petitioner is an inmate at the Sussex Correctional Institution in Georgetown, Delaware. He has filed a form application for habeas relief under 28 U.S.C. § 2241 (D.I. 1 at 1-8), a typed document titled "Petition for Writ of Habeas Corpus" ("Petition") (D.I. 1 at 9-17), and a document titled "Points and Authorities in Support of Petition for Writ of Habeas Corpus" ("Petition"). (D.I. 1-1) In the form application, Petitioner explains that he

> was arrested on April 20, 2015 on assorted charges which included guns and drugs to which he had in his private vehicle while traveling on Interstate 95 through

> Wilmington, Delaware. On 6-22-15, a True Bill of Indictment was handed down for Eric. B. Simmons with firearms, drug, and traffic charges pursuant to Delaware Uniform Controlled Substances Act under Title 16 of the Delaware Code; the National Firearms Act under Delaware Code Title 11; and Traffic charges on Delaware Uniform Traffic Complaint and Summons under Delaware Title 21.

(D.I. 1 at 9-10) Petitioner explains that, following a Superior Court jury trial on May 10, 2017, the Superior Court sentenced him to ten years at Level V incarceration. (D.I. 1 at 10) It appears that Petitioner will be transferred to Iowa at the completion of his Delaware sentence. *See Simmons v. Akinbayo*, 2018 WL 3827149 (Del. Super. Ct. Aug. 6, 2018).

Petitioner asserts that he "is a private sentient man, a living being with a soul, flesh, and blood, and not a 'subject' or 'citizen' of the U.S. government or Delaware state government." (D.I. 1 at 9) He contends that he is in custody in violation of the Fourteenth Amendment because the State of Delaware lacked jurisdiction over his person. (*See id.*) Petitioner seeks immediate release from custody, and explains that he has filed the instant habeas request under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254 because

> § 2254 requires a state habeas petitioner to be in custody pursuant to the judgment of a state court[. This]

> description [...] does not fit Petitioner's circumstances because the judgment is a nullity, a void judgment."[1]

(D.I. 1-1 at 1-2)

## II. STANDARD OF REVIEW

A district court may entertain a petition for a writ of habeas corpus on behalf of someone in custody pursuant to the judgment of a state court only on the ground that his custody violates the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Notably, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254.

## III. DISCUSSION

Petitioner invokes the so-called "flesh and blood" movement to avoid the consequences of his state criminal convictions. As explained in a recent decision by the Western District of Pennsylvania,

> [a]dherents to the "flesh and blood" movement believe that a person has two distinct versions of himself, a "flesh-and-blood" natural man and a legal person—the vessel [also called a "strawman"]. They theorize that the

---

[1] Petitioner's justification for filing his petition under § 2241 lacks merit, because § 2254 is the exclusive federal remedy when a petitioner challenges the validity of a state criminal conviction and sentence. Nevertheless, since Petitioner's instant habeas request is summarily dismissible regardless of the authority relied upon, the Court will not address this error in more depth.

3

> government has power only over the strawman and not over the live person, who remains free. Therefore, the real person can demand that government officials pay enormous sums of money to use the strawman's name or, in the case of prisoners, to keep him in custody. Courts have routinely dismissed nonsensical claims of this nature as patently frivolous.

*Ellis v. Philadelphia Cnty.*, 2022 WL 1491411, at *2 (W.D. Pa. Mar. 28, 2022) (collecting cases) (cleaned up).

Based on the foregoing, the Court finds that Petitioner's instant "flesh and blood" argument is frivolous and fails to provide a basis for habeas relief. Therefore, the Court will summarily dismiss the instant Petition for failing to assert an issue cognizable on federal habeas review.

## IV. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Petition. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

Dated: April 14, 2023

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE